ALTENBERND, Judge,
Concurring.
I fully concur in the court’s opinion. I write only to make two observations that affect my reasoning on these issues.
First, concerning R.J. Reynolds’ specific questions to Mr. Hargroves at his deposition seeking to discover statements that his wife had made to him about the lawsuit prior to her death, I am inclined to believe that these questions were improper even if the marital privilege had been waived. I do not understand the relevance of this fine of questions to the matters at issue in the lawsuit. I have a difficult time envisioning how these questions were designed to lead to admissible evidence.
Second, I have not reviewed each document on the four DVDs in the record, but I have reviewed a representative sample. They include many copies of cigarette advertisements, including television advertising from the 1950s and 1960s. Many, if not most, of the documents are copies of documents produced by R.J. Reynolds in prior lawsuits. At this point in the history of tobacco litigation, it is unlikely that R.J. Reynolds does not understand how plaintiffs’ attorneys are using or plan to use these documents.
If the multitude of documents on these DVDs were records unique to this plaintiff or if it appeared that Mr. Hargroves’ at *981 torneys were trying to hide the proverbial needle in a haystack, then I would be less convinced that the case law cited in this opinion warranted the issuance of a writ of certiorari in this case.